AO 91 (Rev. 11/11) Criminal Complaint

U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**

MAY 2 8 2026

AT_____ O'CLOCK_____
John M. Domurad, Clerk - Plattsburgh

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

UNITED STATES OF AMERICA )
v. )
Miguel Alexander MEDEROS-LEYVA, )      Case No.    8:26-PO-48 (GLF)
)
)
)
)
Defendant. )

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On

or about the date(s) of May 24, 2026 in the county of Clinton in the Northern District of New York the defendant

violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1325(a)(1) | Entry Without Inspection. |

This criminal complaint is based on these facts:
See attached affidavit.

☒    Continued on the attached sheet.

_Andrew Kraengel_ 5/26/2026  07:33 AM
*Complainant's signature*

U.S. Border Patrol Agent Andrew L. Kraengel
*Printed name and title*

Attested to by the Affiant in accordance with Rule 4.1 of the Federal Rues of Criminal Procedure.

Date:  _MAY 28, 2026_

_signature_
*Judge's signature*

City and State:    Plattsburgh, New York         Hon. Gary L. Favro, U.S. Magistrate Judge
*Printed name and title*

*United States of America v* **Miguel Alexander MEDEROS-LEYVA**

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Andrew L. Kraengel, hereby depose and state under penalty of perjury:

1.     I am a Border Patrol Agent (BPA) with the United States Department of Homeland Security (DHS), Bureau of Customs and Border Protection (CBP), United States Border Patrol (USBP) assigned to the Burke Border Patrol Station. I have been a law enforcement officer for CBP since 2011 beginning with the USBP as an Agent assigned to Ajo Station in Arizona.  In 2014, without a break in service I became a CBP Officer, assigned to the Buffalo, NY Port of Entry and later to the Massena, NY Port of Entry.  Without a break in service, in 2024, I reinstated with the USBP.

2.     My primary duty is to assist in the prevention of illicit trafficking of people and contraband between the official ports of entry. My authority to perform this mission is articulated in the Immigration and Nationality Act, sections 235 and 287, and Title 8 U.S.C. Section 1357. These bodies of law relate to, among other things, a Border Patrol Agent's authority to interrogate any alien or person believed to be an alien, and to make an arrest of any alien who is entering or attempting to enter the United States in violation of the immigration laws. To enforce these laws, I have received training at the Federal Law Enforcement Training Centers in Artesia, New Mexico & Glynco, Georgia in Law, Operations, Firearms, Driving Techniques, and Physical Techniques.

3.     This affidavit is based in part on information provided to me by others and from law enforcement and immigration databases.  It does not set forth all my knowledge about the investigation.

4.     I submit this affidavit in support of a criminal complaint charging defendant Miguel Alexander MEDEROS-LEYVA with violating 8 U.S.C. § 1325(a)(1), which prohibits any alien, that is, any person who is not a citizen or national of the United States, from entering or attempting to enter the United States "at any time and place other than as designated by immigration officers."

*United States of America v* **Miguel Alexander MEDEROS-LEYVA**

**PROBABLE CAUSE**

5.      On May 24, 2026, at approximately 2:55 AM, Border Patrol Agents assigned to the Burke Border Patrol Station detected three individuals walking south, away from the US/Canada International Border in Churubusco, NY while monitoring electronic surveillance equipment on a service issued laptop. This area of Churubusco has long been utilized for illegal cross-border activity due to its proximity to the border, its remoteness, and its multiple points of egress for smuggling vehicles.

6.      Agents responded to the area and were notified by Border Patrol Dispatch (C-100) that they had been contacted by Royal Canadian Mounted Police (RCMP) and informed of three individuals crossing the US/Canada International Border in the same area. Agents informed C-100 that they were aware of the individuals and were currently enroute to the area. Upon arriving in the Churubusco area, agents positioned their service vehicles along the most likely points of egress from the area in anticipation of encountering a smuggling vehicle picking up the individuals.

7.      Roughly five minutes after the individuals were detected, a vehicle was also detected entering the area on Frontier Rd. Based on the experience of the agents, this was more than likely the pickup vehicle due to the late hour and the fact that there is typically little to no vehicle traffic on Frontier Rd at that time of night. The vehicle was then seen going back in the opposite direction three minutes later, heading towards NY SR-189. Agents all proceeded to move towards NY SR-189 to intercept the vehicle before it could leave the area. As the vehicle passed by the intersection of Clinton Mills Rd and NY SR-189, an agent positioned there was able to illuminate the vehicle with his emergency take-down lights. The agent could clearly see several individuals in the vehicle and what appeared to be a lot of luggage in the rear storage compartment.

8.      The agent pulled out behind the vehicle, which could now be identified as a black Nissan Rogue. The Rogue continued south on NY SR-189 towards NY SR-11. Agents followed the vehicle until it reached NY SR-11 where backup agents were positioned and activated their emergency lights and sirens and executed a vehicle stop.

*United States of America v* **Miguel Alexander MEDEROS-LEYVA**

9.    Agents approached the vehicle and identified themselves as Border Patrol Agents in both the English and Spanish languages. Agents asked the driver, later identified as F.C.R., if he was from the area and the driver said "No." Agents then asked what brought him to the area and he claimed to be going to see Niagara Falls. Agents informed him that Niagara Falls is six hours away and F.C.R. acted surprised. Agents asked F.C.R. to state his citizenship and claimed to be a Mexican citizen. For investigative purposes, F.C.R. was asked to step out of the vehicle as was detained in the backseat of a marked Border Patrol service vehicle.

10.    Agents then asked the rest of the occupants in the Rogue to state their citizenship and two of the subjects—later identified as I.C.R. and Miguel Alexander MEDEROS-LEYVA—claimed to be Mexican citizens and one, later identified as L.A.T.B., claimed to be an Ecuadoran citizen. All three freely admitted to crossing the border illegally and being picked up by F.C.R. shortly before being encountered.

11.    At that time all individuals in the Nissan Rogue, bearing Minnesota license plate 7022AF, were placed under arrest and transported to the Burke Border Patrol Station for further interviews and processing. At the station, Agents confirmed that all occupants of the vehicle were illegally present.

12.    MEDEROS-LEYVA did not have any valid U.S. immigration documents allowing him to enter or remain in the United States legally. Records show that he has never applied, nor has anyone applied on his behalf, for any valid U.S. immigration documents allowing him to enter or remain in the United States legally. Nationals and Citizens of Mexico are required to apply for a visa if they seek to enter the United States. Mexican citizens who are issued a visa by the United States government are required to present the visa and the person's passport to an immigration official at a Port of Entry as he or she seeks admission into the United States. Miguel Alexander MEDEROS-LEYVA does not possess a valid visa. If MEDEROS-LEYVA had presented himself at a Port of Entry and asked permission to enter the United States, he would have been denied admission as he does not possess a valid United States visa.

*United States of America v* **Miguel Alexander MEDEROS-LEYVA**

## Conclusion

13.     Based on the foregoing, I respectfully request the Court issue the proposed complaint charging the

defendants with improper entry by an alien, in violation of 8 U.S.C. § 1325(a)(1).

*Andrew Kraengel*, 5/26/2026 07:33AM

Andrew L. Kraenger
United States Border Patrol

Attested to by the affiant in accordance with Rule 4.1
of the Federal Rules of Criminal Procedure.

Date:   MAY 28, 2026

Hon. Gary L. Favro
United States Magistrate Judge